1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 2:17-cv-4721-BRO-JEM |
| Plaintiff, | |
| v. | **STIPULATED FINAL JUDGMENT AND ORDER** |
| Park View Law (f.k.a. Prime Law Experts, Inc.) and Arthur Barens, | |
| Defendants. | |

10

11

12

13

14

15

16      Plaintiff, the Consumer Financial Protection Bureau ("Bureau") commenced

17 this civil action against Defendants Park View Law (f.k.a. Prime Law Experts,

18 Inc.) and Arthur Barens (collectively, "Defendants") on June 27, 2017, to obtain

19 injunctive relief and disgorgement.

20

The Complaint alleges violations of §§ 1031(a) and 1036(a)(1) of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a)(1), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, which implements the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108.

Plaintiff and Defendants request that the Court enter this Stipulated Final Judgment and Order ("Order").

## FINDINGS

1)     This Court has jurisdiction over the parties and the subject matter of this action.

2)     Plaintiff and Defendants agree to entry of this Order to settle and resolve all matters in this dispute arising from the conduct alleged in the Complaint to the date this Order is entered.

3)     Defendants neither admit nor deny any allegations in the Complaint, except as specifically stated in this Order.  For the purposes of this Order, Defendants admit the facts necessary to establish the Court's jurisdiction over them and the subject matter of this action.

4)     Defendants waive service under Rule 4(d) of the Federal Rules of Civil Procedure and waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim they may

have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the

prosecution of this action to the date of this Order.  Each party will bear its own

costs and expenses, including without limitation attorneys' fees.

5)     Entry of this Order is in the public interest.

## DEFINITIONS

6)     The following definitions apply to this Order:

a)     "Affected Consumers" includes any consumer who entered into

a contract with Corporate Defendant for Credit Repair Services

between March 13, 2013 and June 29, 2015.

b)     "Credit Repair Services" means any good or service that is

represented to remove derogatory information from, or improve, a

person's credit history, credit record, or credit rating.

c)     "Defendants" means the Individual Defendant and the

Corporate Defendant, individually and collectively.

i)     "Corporate Defendant" means Park View Law (f.k.a.

Prime Law Experts, Inc.), and its successors and assigns.

ii)     "Individual Defendant" means Arthur Barens.

d)     "Effective Date" means the date on which this Order is entered

on the docket by this Court.

e)      "Enforcement Director" means the Assistant Director of the

Office of Enforcement for the Consumer Financial Protection Bureau,

or his/her delegate.

f)      "Related Consumer Action" means a private action by or on

behalf of one or more consumers or an enforcement action by another

governmental agency brought against a Defendant based on

substantially the same facts as described in this Order or the

Complaint.

## ORDER

**IT IS ORDERED** that:

**I.    Conduct Prohibition**

7)      Defendants and their officers, agents, servants, employees, and

attorneys who have actual notice of this Order, whether acting directly or

indirectly, may not violate §§ 1031 and 1036 of the CFPA, 12 U.S.C. §§ 5531 and

5536, and the TSR, 16 C.F.R. pt. 310, in the provision of Credit Repair Services.

8)      Defendants, and their officers, agents, servants, employees, and

attorneys who have actual notice of this Consent Order, whether acting directly or

indirectly, are restrained for 5 years from:

a)      Advertising, marketing, promoting, providing, offering for sale, selling, assisting in the sale of, or administering Credit Repair Services; or

b)      Receiving any remuneration or other consideration from, holding any ownership interest in, providing services to, or working in any capacity for any person engaged in or assisting in advertising, marketing, promoting, offering for sale, or selling Credit Repair Services.

## II.    Customer Information

9)      Defendants, and their officers, agents, servants, employees, and attorneys who receive actual notice of this Consent Order, whether acting directly or indirectly, may not disclose, use, or benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant obtained before the Effective Date in connection with the offering or sale of credit repair services.  However, customer information may be disclosed if requested by a government agency or required by law, regulation, or court order.

//

### III. Judgment for Equitable Monetary Relief

10) Under § 1055(a) of the CFPA, 12 U.S.C. § 5565(a), by reason of the alleged violations described in the Complaint, a judgment of equitable monetary relief in the form of disgorgement is entered in favor of the Bureau and against Defendants, jointly and severally, in the amount of $500,000.

11) Within 14 days of the Effective Date, Defendants are ordered to pay $250,000 of the disgorgement amount to the Bureau in the form of a wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. Within 60 days of the Effective Date, Defendants are ordered to pay the remaining $250,000 of the disgorgement amount to the Bureau in the form of a wire transfer to the Bureau or to the Bureau's agent in compliance with the Bureau's wiring instructions. The payments shall be deposited in the United States Treasury as disgorgement.

12) With regard to any equitable monetary relief that Defendants pay pursuant to this Section, if Defendants receive, directly or indirectly, any reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, or if Defendants secure a tax deduction or tax credit with regard to any federal, state, or local tax, Defendants shall: (a) immediately notify the Enforcement Director in writing, and (b) within 10 days of receiving such funds or monetary benefit, Defendants shall transfer to

1  the Bureau or the Bureau's agent in compliance with the Bureau's wiring

2  instructions, the full amount of such funds or monetary benefit.

3  **IV.   Additional Monetary Provisions**

4  13)   In the event of any default on Defendants' obligation to make

5  payment under this Order, interest, computed under 28 U.S.C. § 1961, as amended,

6  will accrue on any outstanding amounts not paid from the date of default to the

7  date of payment, and will immediately become due and payable.

8  14)   Defendants must relinquish all dominion, control, and title to the

9  funds paid or to be paid under this Order to the fullest extent permitted by law and

10  no part of the funds may be returned to Defendants.

11  15)   Under 31 U.S.C. § 7701, Defendants must furnish to the Bureau their

12  taxpayer identifying numbers, which may be used for purposes of collecting and

13  reporting on any delinquent amount arising out of this Order.

14  16)   Within 30 days of the entry of a final judgment, consent order, or

15  settlement in a Related Consumer Action, Defendants must notify the Enforcement

16  Director of the final judgment, consent order, or settlement in writing. That

17  notification must indicate the amount of redress, if any, that Defendants paid or are

18  required to pay to consumers and describe the consumers or classes of consumers

19  to whom that redress has been or will be paid.

20  //

## V.    Reporting Requirements

17)    Defendants must notify the Bureau of any development that may affect compliance obligations arising under this Order, including but not limited to, any change in structure of Corporate Defendant, including a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor company; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of any bankruptcy or insolvency proceeding by or against Defendants; or a change in Defendants' name or address.  Defendants must provide this notice, if practicable, at least 30 days before the development, but in any case no later than 14 days after the development.

18)    Within 7 days of the Effective Date, Defendants must:

a)    Designate at least one telephone number and email, physical, and postal address as points of contact, which the Bureau may use to communicate with Defendants;

b)    Identify all businesses for which any Defendant is the owner, or that a Defendant directly or indirectly controls, by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

c)     Describe the activities of each such business, including the products and services offered, and the means of advertising, marketing, and sales;

d)     Identify Individual Defendant's telephone numbers and all email, Internet, physical, and postal addresses, including all residences; and

e)     Describe in detail Individual Defendant's involvement in any business that provides Credit Repair Services or which Individual Defendant wholly or partially owns, including Defendant's title, role, responsibilities, participation, authority, control, and ownership.

19)    For 5 years from the Effective Date, the Defendants must report any change in the information required to be submitted under ¶ 17 at least 30 days before the change or as soon as practicable after the learning about the change, whichever is sooner.

20)    Within 90 days of the Effective Date, and again one year after the Effective Date, Defendants must submit to the Enforcement Director an accurate written compliance progress report, which, at a minimum:

a)     Describes in detail the manner and form in which Defendants have complied with this Order; and

1                b)       Attaches a copy of each Order Acknowledgment obtained under

2                § VI, unless previously submitted to the Bureau.

## VI.    Order Distribution and Acknowledgment

21)    For 5 years from the Effective Date, Defendants must deliver a copy of this Order to any business entity resulting from any change in structure referred to in ¶ 17, and any future board members and executive officers before they assume their responsibilities.

22)    Defendants must secure a signed and dated statement acknowledging receipt of a copy of this Order, ensuring that any electronic signatures comply with the requirements of the E-Sign Act, 15 U.S.C. § 7001 *et seq.*, within 30 days of delivery, from all persons receiving a copy of this Order under this Section.

## VII.    Recordkeeping

23)    Defendants must create or, if already created, must retain for at least 5 years from the Effective Date all documents and records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Bureau.

24)    Defendants must retain the documents related to the compliance report described in ¶ 23 for at least 5 years.

25)    Defendants must make the documents identified in ¶ 23 available to the Bureau upon the Bureau's request.

# VIII. Notices

26)    Unless otherwise directed in writing by the Bureau, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "*In re Prime Credit Consultants*, Matter No. 2013-0946-02" and send them either:

a)    By overnight courier (not the U.S. Postal Service), as follows:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTN:  Office of Enforcement
> 1625 Eye St., N.W.
> Washington, DC 20006

b)    By first-class mail to the below address and contemporaneously by email to Enforcement_Compliance@cfpb.gov:

> Assistant Director for Enforcement
> Consumer Financial Protection Bureau
> ATTN:  Office of Enforcement
> 1700 G Street, N.W.
> Washington, DC 20552

# IX. Compliance Monitoring

27)    Within 30 days of receipt of a written request from the Bureau, Defendants must submit compliance reports or other requested information, which must be made under penalty of perjury; provide sworn testimony; or produce documents.

1     28)    Defendants must permit Bureau representatives to interview any

2    employee or other person affiliated with Defendants who have agreed to such an

3    interview regarding the subject matter or compliance of this Order.  The person

4    interviewed may have counsel present.

5     29)    Nothing in this Order will limit the Bureau's lawful use of civil

6    investigative demands under 12 C.F.R. § 1080.6 or other compulsory process.

7    **X.    Retention of Jurisdiction**

8     30)    The Court will retain jurisdiction of this matter for purposes of

9    construction, modification, and enforcement of this Order.

10    31)    Notwithstanding the provisions of ¶ 30, any time limits for

11    performance fixed by this Order may be extended by mutual written agreement of

12    the parties and without further Court approval.  Additionally, details related to

13    administration of §§ V through X of this Order may be modified by written

14    agreement of the parties and without further Court approval.  Any other

15    modifications to this Order may be made only upon approval of the Court, upon

16    motion by any party.

17    **XI.    Release**

18    32)    The Bureau releases and discharges Defendants from all potential

19    liability for law violations that the Bureau has or might have asserted based on the

20    practices alleged in the Complaint, to the extent such practices occurred before the

Effective Date and the Bureau knows about them as of the Effective Date. The

Bureau may use the practices alleged in the Complaint in future enforcement

actions against Defendants or their affiliates to establish a pattern or practice of

violations or the continuation of a pattern or practice of violations or to calculate

the amount of any penalty. This release does not preclude or affect any right of the

Bureau to determine and ensure compliance with this Order, or to seek penalties

for any violations of this Order.

IT IS SO ORDERED.
DATED: July 10, 2017

By: _____
    Honorable Beverly R. O'Connell
    United States District Court Judge

Consented and agreed to:

FOR THE CONSUMER FINANCIAL PROTECTION BUREAU:

ANTHONY ALEXIS
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

CRAIG COWIE
Assistant Litigation Deputy


 /s/ Sarah Preis
SARAH PREIS
(Email: sarah.preis@cfpb.gov)

COLIN REARDON
(Email: colin.reardon@cfpb.gov)
BENJAMIN CLARK
(Email: benjamin.clark@cfpb.gov)
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9318, -9668, -7871
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau
FOR DEFENDANTS:

PAUL HASTINGS LLP


 /s/ Gerald S. Sachs
GERALD S. SACHS
D.C. Bar Number 493507
LAUREN KELLY GREENBACKER
D.C. Bar Number 1029794
875 15th Street NW
Washington DC 20005
Phone: (202) 551-1700
geraldsachs@paulhastings.com

Attorneys for Defendants
Park View Law (f.k.a. Prime Law Experts, Inc.) and Arthur Barens